**James SCHWABENLAND, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 91–3003.

United States District Court,
S.D. Texas,
Houston Division.

Jan. 24, 1994.

Bruce Locke, Houston, TX, for plaintiff.

Susan Kempner, Asst. U.S. Atty., Houston, TX, for defendant.

MEMORANDUM

HUGHES, District Judge.

1. *Introduction.*

This forfeiture involves cash, found in a safe deposit box, that the government argues is proceeds from illegal gambling activity. James Schwabenland was convicted of promotion of gambling. Because the government has failed to demonstrate probable cause that the cash was related to the illegal activity, Schwabenland will get back his money.

### 2. Background.

Schwabenland was arrested by the Houston police and a special agent of the Internal Revenue Service in November 1990, and he was charged with gambling promotion and keeping a gambling place. Three days later, the officers recognized one of the seized keys as a safe deposit box key. Schwabenland declined permission to examine the box, and the officers obtained a search warrant and found $17,000.

Schwabenland pleaded guilty to gambling promotion, but the state court found "no evidence of any type" to establish probable cause for the search of the safe deposit box and ordered the money returned. The court continued:

> You can't just go in citizens' boxes without any evidence whatsoever, take the property and say, well, under the circumstances that is the best the police could come up with. If that is true, everyone of us can have anything that we have private looked into and the State could argue that this is the best we could come up with.

Tr. at 9, Texas v. Schwabenland, No. 580736 (262d Dist. Harris Cty., Apr. 24, 1991).

Four months later, undaunted, and without disclosing the state court's judgment, the government sought and obtained from the federal court a seizure warrant for the cash. The government sought to forfeit the money as funds used in violation of the tax code, specifically the wagering registration and tax parts. 26 U.S.C. § 7302 (1988). Schwabenland now claims return of the money as illegally seized.

### 3. The Prima Facie Case.

■ The government moves for a finding of probable cause for the seizure. Probable cause is a reasonable ground for belief that the seized property is proceeds from the illegal activity, supported by less than a preponderance of the evidence, but more than mere suspicion. See United States v. $364,-960 in United States Currency, 661 F.2d 319, 323 (5th Cir.1981). The seized property must have a substantial connection to the illegal activity. See United States v. $38,600 in United States Currency, 784 F.2d 694, 697 (5th Cir.1986). The government must establish probable cause to make a prima facie case. See United States v. Banco Cafetero Panama, 797 F.2d 1154, 1160 & n. 7 (2d Cir.1986).

The government's evidence consists of Schwabenland's conviction for illegal wagering activities, his gambling paraphernalia, and these additional facts:

A. Schwabenland expressed a sense of urgency when he requested that his keys be returned to him three days after he was arrested;

B. Bookmakers require large amounts of cash;

C. Bookmakers use safe deposit boxes;

D. A cashier's check to GTE Mobilnet in his name as the owner of the telephone Schwabenland used in gambling was in the box; and

E. Schwabenland's pattern of going to the safe box weekly correlates to a bookmaker's need to get cash for wagering on professional and college football games.

The evidence does not support probable cause. If Schwabenland was anxious about his money, subsequent events have demonstrated that he had reason to be. While it may be true that all gamblers have safe deposit boxes and large sums of cash, all who possess them are not gamblers. The mere existence of the cash is no evidence that it is proceeds from the gambling. Cf. United States v. $31,990 in United States Currency, 982 F.2d 851, 854 (2d Cir.1993) (cash does not mean drugs).

The other evidence that the government proffers is the check to GTE Mobilnet and the pattern of Schwabenland's trips to the safe deposit box. Schwabenland used the safe deposit box to hold an item connected in part to his illegal business; that does not taint everything in the box. If he had kept the title to his car in the box, would that make the car forfeitable? Of course not. While the correlation in football games and trips to the bank could potentially explain Schwabenland's movements during the football season, the continuance of the pattern

after the football season ended cancels any plausible inference. The government has failed to make a prima facie case.

### 4. *Schwabenland's Rebuttal.*

 Assuming that the government's evidence establishes a prima facie case, Schwabenland's explanation for the source of the money rebuts the government's assertions. Schwabenland asserts that he was a regular at a Wednesday evening poker game and that the cash is winnings from that game. Schwabenland offers his personal tax return for 1990, which lists $17,000 on the other income line.

The government argues that Schwabenland was a poor poker player and that the game did not produce big winners. Its testimony is from members of the club where the game was played. Only one of the members was a participant in the game, and he confirmed that Schwabenland was a regular. Schwabenland responds that these members were never there for the end of the games and that the one who participated joined a smaller game. The government's evidence is imprecise, unwarranted generalizations that are nothing more than locker-room gossip.

Schwabenland has presented a plausible explanation for the existence of the cash. It has been timely listed on his tax return, albeit after the discovery of the money by the government. On the information before the court, Schwabenland has rebutted the government's case for seizure.

### 5. *Conclusion.*

Before putting Schwabenland in prison, the government is required to employ a grand jury and evidence beyond a reasonable doubt. Courts, supine to executive pretentions, have allowed the government to seize property on what amounts to suspicious behavior. After the seizure, the person must prove his innocent acquisition of the property. This presumption of illicitness arose from the practical constraints on the government's ability to prove tax evasion, including smuggling, except by indirect generalities. Its application cannot be constitutionally extended.

The government has failed to establish probable cause. If it did, Schwabenland rebutted it. The money will be returned to Schwabenland.

### FINAL JUDGMENT

The government shall deliver to Schwabenland the $17,433.37 and accrued interest.